1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.  1:13-cv-01072-LJO-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| TIMOTHY CLINTON HAUSER, et al., | (Docket No. 15) |
| Defendants. | **OBJECTIONS DUE: 14 DAYS** |
| _____/ | |

## I.   INTRODUCTION

On November 13, 2013, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a Motion for Default Judgment against Defendants Arnold Vergara Rodriguez ("Rodriguez"), Efren Almodovar Sosa ("Sosa"), HRTS, LLC ("HRTS"), and Jeffrey Ray Thompson ("Thompson") (collectively, "Defaulting Defendants").  (Doc. 15.)  The motion was referred to Magistrate Judge Sheila K. Oberto pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 302 of the Local Rules for the United States District Court, Eastern District of California.  (Doc. 16.)  The Court reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing on the motion was vacated.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED against the Defaulting Defendants.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action on July 12, 2013, against the Defaulting Defendants as well as Defendant Timothy Clinton Hauser ("Hauser," collectively "Defendants").  (Doc. 1.)   The complaint alleges violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq*.   (Doc. 1.)   The suit is based on Defendants' alleged unlawful interception, receipt, and exhibition of "*Ultimate Fighting Championship 149: Urijah Faber v. Renan Barao*" (the "Program"), which was telecast nationwide on July 21, 2012.  (Doc. 1, ¶¶ 31, 34.)   According to the complaint, Plaintiff was the exclusive commercial distributor of the Program.  (Doc. 1, ¶ 31.)

Count I of the complaint asserts a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging that Defendants knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  (Doc. 1, ¶¶ 30-39.)  Plaintiff seeks $110,000 in statutory damages as well as attorney's fees and costs.   (Doc. 1, p. 12.)   Count II alleges a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations.  (Doc. 1, ¶¶ 40-44.)   Plaintiff requests $60,000 in statutory damages, as well as attorney's fees and costs.  (Doc. 1, p. 12.) Count III states a claim for conversion alleging that Defendants tortiously obtained possession of the Program and wrongfully converted it for their own benefit.  (Doc. 1, ¶¶ 45-48.)  As to Count III, Plaintiff seeks compensatory damages, exemplary damages, and punitive damages.  (Doc. 1, pp. 12-13.)  Count IV of the complaint alleges a violation of the California Business & Professions Code § 17200, *et. seq*.  (Doc. 1, ¶¶ 49-58.)   As to Count IV, Plaintiff seeks restitution, declaratory relief, injunctive relief, attorney's fees, and costs of suit.  (Doc. 1, p. 13.)

On August 13, 2013, the summonses were returned showing that service of the summons and complaint was effected on Defendants Hauser, Sosa, and HTRS, on August 1, 2013; Defendant Rodriguez on August 3, 2013; and Defendant Thompson on August 6, 2013.  (Docs. 7-11.)   Only Defendant Hauser filed an answer to the complaint.  (Doc. 12.)  The Defaulting Defendants failed to respond.   On October 2, 2013, pursuant to Plaintiff's request, the Clerk's Office entered default against the Defaulting Defendants.  (Docs. 14, 22.)  On November 13, 2013,

1  Plaintiff filed this motion for default judgment against the Defaulting Defendants.  (Doc. 15.)  The

2  Defaulting Defendants have not opposed the motion, nor has Defendant Hauser.

3                                      **III.   DISCUSSION**

4  **A.      Legal Standard**

5          Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered as

6  follows:

> By the Court.  In all other cases, the party must apply to the court for a default
> judgment.  A default judgment may be entered against a minor or incompetent
> person only if represented by a general guardian, conservator, or other like
> fiduciary who has appeared.  If the party against whom a default judgment is
> sought has appeared personally or by a representative, that party or its
> representative must be served with written notice of the application at least 7 days
> before the hearing.  The court may conduct hearings or make referrals–preserving
> any federal statutory right to a jury trial–when, to enter or effectuate judgment, it
> needs to:
>
> (A)     conduct an accounting;
> (B)     determine the amount of damages;
> (C)     establish the truth of any allegation by evidence; or
> (D)     investigate any other matter.

15          Upon default, "the factual allegations of the complaint, except those relating to the amount

16  of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th

17  Cir. 1987); *see also Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc.*, 722 F.2d 1319,

18  1323 (7th Cir. 1983).

19  **B.      Analysis**

20          Service of summons and complaint in this action was made on Defaulting Defendants Sosa

21  and HRTS on August 1, 2013, on Rodriguez on August 3, 2013, and Thompson on August 6,

22  2013, with copies of the Proofs of Service filed with this Court on August 13, 2013.  (Docs. 7-10.)

23  Defaulting Defendants failed to respond to the complaint or otherwise appear in the action.[1]  The

24  Clerk of the Court entered default against the Defaulting Defendants on October 2, 2013.  (Docs.

25  14, 22.)  Defaulting Defendants are not infants or incompetent persons, and are not in the military

26

27

28  ───────────────────────
[1] As noted above, Defendant Hauser filed an answer to the complaint on September 6, 2013.  (Doc. 12.)

1  service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Riley

2  Decl., Doc. 15-2, ¶ 3.)

3      In its motion, Plaintiff seeks default judgment and an award of damages against the

4  Defaulting Defendants pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) (statutory damages) and

5  47 U.S.C. § 605(e)(3)(C)(ii) (enhanced statutory damages) in the amount of $110,000 for

6  unlawfully intercepting, receiving, and exhibiting the Program on July 21, 2012.  (Doc. 15.)

7  Plaintiff also seeks damages in the amount of $850 for its state law conversion claim.  (Doc. 15.)

8      The facts in this case weigh in favor of granting default judgment against the Defaulting

9  Defendants.  Plaintiff's complaint properly and credibly alleges all material facts and elements

10  necessary to the claims asserted and relief sought, and reflects a meritorious substantive claim.

11  The Defaulting Defendants have chosen not to respond to or contest this action or motion.

12      **1.      Application of the *Eitel* Factors**

13      Factors which may be considered by courts in exercising discretion as to the entry of a

14  default judgment include:  (1) the possibility of prejudice to the plaintiff, (2) the merits of

15  plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

16  the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

17  due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

18  Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

19  1986).  Plaintiff's request for default judgment meets these factors.

20      Plaintiff would suffer prejudice if the Court does not enter default judgment, because the

21  Defaulting Defendants have refused to participate in this litigation and Plaintiff would have no

22  other means of recovery.  *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D.

23  494, 499 (C.D. Cal. 2003).

24      Plaintiff's complaint properly alleges the necessary elements of each cause of action

25  against the Defaulting Defendants, which satisfies the second and third factors – the merits of the

26  substantive claim and the sufficiency of the complaint.  To state a claim for an alleged violation of

27  Section 605, the plaintiff must plead that the defendant received, assisted in receiving, or

28  transmitted the plaintiff's satellite transmission without authorization.  *See DirecTV, Inc. v. Webb*,

4

1   545 F.3d 837, 844 (9th Cir. 2008). Plaintiff's complaint sets forth these allegations. (Doc. 1, ¶ 31,

2   34 (Plaintiff alleges that it was "as granted the exclusive nationwide commercial distribution

3   (closed-circuit) rights to [the Program]" and that Defendants "did unlawfully intercept, receive,

4   publish, divulge, display, and/or exhibit the Program at the time of its transmission at their

5   commercial establishment in Modesto, California.")

6        Plaintiff also properly pleads a claim for conversion which is comprised of the following

7   elements: "the plaintiff's ownership or right to possession of the property at the time of the

8   conversion; the defendant's conversion by a wrongful act or disposition of property rights; and

9   damages." *Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581 (2005); Plaintiff's

10  allegations that it had the right to possession of the property at the time that Defendants allegedly

11  intercepted and displayed it at their establishment, that Defendants did not legally purchase the

12  Program, and that exhibition of the Program in Defendants' establishment on July 21, 2012,

13  constituted conversion by a wrongful act or disposition of property rights, sufficiently pleads a

14  claim for conversion under California law. (Doc. 1, ¶¶ 31, 34, 46-48.)[2]

15        The fourth *Eitel* factor, sum of money at stake, also weighs in favor of default judgment.

16  Default judgment is disfavored when a large amount of money is involved or is unreasonable in

17  light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594

18  JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff seeks an award of

19  $10,000 for statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), enhanced statutory

20  damages in an amount subject to the Court's discretion not to exceed $100,000 pursuant to

21  47 U.S.C. § 605(e)(3)(C)(ii), and $850 for conversion damages. Under the applicable statute,

22  Plaintiff is entitled to seek a substantial amount in damages. Given the fact that Congress

23  expressly permitted a court to award statutory damages up to $110,000 per act of piracy pursuant

24  to Section 605, it is somewhat incongruent to determine that the statutory damages requested are

25  an unreasonably large sum that should not be awarded in default judgment; certainly Congress

26  envisioned circumstances where the imposition of maximum statutory damages would be

27

28  _____
[2] Plaintiff also pled counts for violation of 47 U.S.C. § 553 and violation of the California Business and Professions Code § 17200. In the motion for default judgment, however, Plaintiff does not seek an award of damages pursuant to these claims.

5

reasonable.  Additionally, as set forth below, the actual award recommended by this Court is not of such an amount as to militate against proceeding by default judgment.  *See* Joe *Hand Promotions, Inc. v. Elk's Lodge Coalinga 1613*, No. 1:12-CV-01998-LJO-MJS, 2013 WL 5532043 (E.D. Cal. Oct. 7, 2013) report and recommendation adopted as modified, No. 1:12-CV-01998-LJO-MJS, 2013 WL 5969713 (E.D. Cal. Nov. 8, 2013).

With regard to the fifth *Eitel* factor regarding the possibility of dispute concerning material fact, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defaulting Defendants have submitted nothing to contradict the well-pled allegations in Plaintiff's complaint.  The sixth factor also weighs in favor of granting default judgment, as there is no evidence that Defaulting Defendants' failure to participate in the litigation is due to excusable neglect.

Lastly, while the policy favoring decisions on the merits inherently weighs strongly against awarding default judgment in every case, in the aggregate, this factor is outweighed in consideration of the other applicable factors that tip in favor of granting default judgment.

Accordingly, it is RECOMMENDED that Plaintiff's request for default judgment against Defaulting Defendants Rodriguez, Sosa, Thompson, and HTRS be GRANTED.

**2.     Damages**

Plaintiff seeks damages pursuant to 47 U.S.C. § 605(e)(C)(i)(II) (statutory damages) and 47 U.S.C. § 605(e)(3)(C)(ii) (enhanced statutory damages) in the amount of $110,000, and $850 for conversion.

**a.     Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II)**

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(C)(i)(II) and enhanced statutory damages pursuant to Section 605(e)(3)(C)(ii).  (Doc. 15-1, 11:13-20:4.)  Pursuant to Section 605(a), "no person receiving, assisting in receiving, transmitting, or assisting in transmitting,  any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission of reception. . . ."  Those who violate this Section are subject to the following civil penalty:

> [T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4)[3] of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff seeks to be awarded the maximum allowance for statutory violations, totaling $10,000 under Section 605(e)(C)(i)(II).  Plaintiff requests that the Court note the specific facts of this case: (1) the capacity of Defendants' establishment was 60 persons, and three separate headcounts by Plaintiff's investigator revealed that 27, 40, and 22 persons were present on July 21, 2012, between 9:11 p.m. and 9:59 p.m.; and (2) Defendants' "obtained a coverage charge from its patrons . . . to view the Program."  (Doc. 15-1, 11:19-27; *see also* Decl. of Affiant, Doc. 15-3, p. 2.)  However, the declaration of Plaintiff's investigator, Patricia Tompkins, indicates that she "paid a cover charge of $0.00 to enter the establishment."  (Decl. of Affiant, Doc. 15-3, p. 2.)  As such, it appears that Defendants did not solicit a cover charge.  Ms. Tompkins' declaration also notes that she "observed one television in the establishment, positioned in the bar area.  The television was approximately 36" and was to the right of the bar displayed above the bar."  (Decl. of Affiant, Doc. 15-3, p. 2.)  The Program was being displayed on the television.  (Decl. of Affiant, Doc. 15-3, p. 2.)

Courts have taken several different approaches when establishing the appropriate amount of damages to be awarded under Section 605(e)(C)(i)(II).  In *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198-99 (N.D. Cal. 2000), the court awarded the statutory minimum of $1,000, finding that "distributors should not be overcompensated and statutory awards should be proportional to the violation," but noting that "a higher statutory award may be justified in cases where defendants are repeat offenders who have pirated similar Programs on previous occasions, and who need an especially severe financial deterrent."  *Id*.  In *J & J Sports Prods., Inc. v. Betancourt*, No. 08CV937JLS (POR), 2009 WL 3416431, at *3-*4 (S.D. Cal. Oct. 20, 2009), the court considered Section 605's policy of deterring future violations but noted that

---

[3] Paragraph 4 relates to persons who manufacture, assemble, modify, import, export, sell, or distribute any device or equipment knowing that the equipment is primarily of assistance in the unauthorized description of satellite cable programming.  Plaintiff does not assert that Paragraph 4 is applicable in this case.

1    "[i]n the absence of unusual or particularly egregious circumstances under which a defendant

2    broadcast[s][a] fight, the Court will not award the statutory maximum in damages." *Id*. at *4

3    (quoting *Kingvision Pay-Per-View v. Guzman*, No. C 09-00217 CRB, 2009 WL 1475722, at *3

4    (N.D. Cal. May 27, 2009)); *see also J & J Sports Prods., Inc. v. Montano*, No. 1:12-CV-00738-

5    AWI-SAB, 2013 WL 1680633, at *3 (E.D. Cal. Apr. 17, 2013) (noting the different approaches

6    taken by courts); *J & J Sports Prods., Inc. v. Orellana*, No. 1:12-CV-01850-AWI-SMS, 2013 WL

7    3341001, at *4 (E.D. Cal. July 2, 2013) (citing over 15 district court cases awarding damages

8    ranging from the statutory minimum of $1,000 to the maximum of $10,000).

9         The Court is persuaded by the reasoning in *Backman*, which awarded the statutory

10   minimum of $1,000 in damages under Section 605(e)(C)(i)(II), plus compensatory damages

11   calculated from the plaintiff's actual loss.  *Backman*, 102 F. Supp. 2d at 1198-99.   Here, the

12   evidence shows that Defendants' establishment was no more than two-thirds full at any given time,

13   and was usually approximately one-third to half-full.   (*See* Decl. of Affiant, Doc. 15-3, p. 2

14   (noting that the establishment had a maximum capacity of approximately 60 people and that three

15   separate headcounts revealed 27, 40, and 22 people).)   The establishment did not request a cover

16   charge.   (*See* Decl. of Affiant, Doc. 15-3, p. 2 (noting that Plaintiff's investigator "paid a cover

17   charge of $0.00 to enter the establishment").)   There was only one television showing broadcasting

18   the Program. (*See* Decl. of Affiant, Doc. 15-3, p. 2.)   Further, there are no allegations by Plaintiff

19   of Defaulting Defendants' "repeat behavior, and no evidence of otherwise egregious willfulness

20   that would warrant harsh punitive damages in this case."  *Backman*, 102 F. Supp. 2d at 1199; *see*

21   *also Montano*, 2013 WL 1680633, at *3 (awarding minimum statutory damages for the same

22   reasons).  Accordingly, the Court RECOMMENDS that the statutory minimum $1,000 in damages

23   under Section 605(e)(C)(i)(II) be awarded.

24              **b.    Enhanced Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)**

25        Plaintiff further requests that significant enhanced statutory damages be awarded under

26   Section 605(e)(3)(C)(ii) because Defendants' actions were willful and done for a commercial

27   advantage.  Section 605(e)(3)(C)(ii) provides that where "the court finds that the violation was

28   committed willfully and for purposes of direct or indirect commercial advantage or private

1 financial gain, the court in its discretion may increase the award of damages, whether actual or

2 statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this

3 section." Emphasizing the need for deterrence as to this Defendant and others, Plaintiff requests

4 that it be awarded $100,000 in enhanced statutory damages.

5 With regard to enhanced statutory damages, several factors militate against a substantial

6 award. There is no evidence that Defaulting Defendants (1) advertised the broadcast of the

7 Program to entice a larger crowd, (2) charged a cover to enter the establishment, or (3) charged a

8 premium for food and drinks on the night the broadcast was shown. Further, the headcounts

9 during the Program indicate that the establishment ranged from approximately one-third to

10 two-thirds full, and was usually less than half full. (*See* Decl. of Affiant, Doc. 15-3, p. 2.)

11 Moreover, Defaulting Defendants have not been shown to be a repeat offender with regard to

12 signal piracy.

13 Plaintiff contends that nominal damages have proven insufficient to combat piracy and that

14 willful violators of applicable statues must be held accountable for a substantial amount above the

15 market value of the sublicense fee to broadcast the Program. (Doc. 15-1, 19:6-20:4.) The Court

16 finds, however, that there is no evidence that Defaulting Defendants' financial resources would

17 require a large judgment and that enhanced damages would produce the appropriate deterrent

18 effect. However, the Court is also mindful that minimal damage awards may result in a perceived

19 lack of consequences for signal piracy.

20 Considering these factors, the Court RECOMMENDS that enhanced statutory damages be

21 awarded pursuant to Section 605(e)(3)(C)(ii) in the amount of $1,000.

22 **2.      Damages for Conversion**

23 Plaintiff seeks $850 in conversion damages – the value of the property at the time of the

24 conversion.

25 Under California law, conversion is the wrongful exercise of dominion over the property

26 of another. The elements of conversion are, "the plaintiff's ownership or right to possession of the

27 property at the time of the conversion; the defendant's conversion by a wrongful act or disposition

28 of property rights; and damages." *Greka Integrated, Inc.*, 133 Cal. App. 4th at 1581; *see also G.S.*

1  *Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc*., 958 F.2d 896, 906 (9th Cir. 1992).

2  "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of

3  knowledge, motive, or intent are not relevant."  *Gilman v. Dalby*, 176 Cal. App. 4th 606, 615 n.1

4  (2009).  Exclusive right to distribute a broadcast signal to commercial establishments constitutes a

5  "right to possession of property" for purposes of conversion.  *See Don King Prods./Kingvision v.*

6  *Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (misappropriation of intangible property without

7  authority from owner is conversion); *see also DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182,

8  1189 (E.D. Cal. 2005) (concluding that the right to distribute programming via satellite constituted

9  a right to possession of personal property for purposes of a conversion claim under California

10  law.)

11      Here, however, Plaintiff has not submitted any evidence to support its claim for

12  conversion.  A plaintiff seeking default judgment "is required to prove all damages sought."

13  *Castworld Products, Inc*., 219 F.R.D. at 498; *see also TeleVideo Sys., Inc.*, 826 F.2d at 917-18

14  ("The general rule of law is that upon default the factual allegations of the complaint, *except those*

15  *relating to the amount of damages*, will be taken as true.") (emphasis added).

16      Plaintiff's motion filed with the Court consists of the "Notice of Application and

17  Application for Default Judgment by the Court" (Doc. 15), the "Memorandum of Points and

18  Authorities in Support of Plaintiff's Application for Default Judgment by the Court" (Doc. 15-1),

19  the "Declaration of Thomas P. Riley [Plaintiff's counsel] in Support of Plaintiff's Application for

20  Default Judgment by the Court" (Doc. 15-2), the "Declaration of Affiant" by Plaintiff's

21  investigator Patricia Thompkins (Doc. 15-3), and the proposed order (Doc. 15-4).  As such, the

22  only evidence submitted in support of Plaintiff's motion -- the Declaration of Affiant, Ms.

23  Thompkins -- does not address the value of Plaintiff's property at the time of the broadcast of the

24  Program.  (*See* Decl. of Affiant, Doc. 15-3.)  Plaintiff thus failed to meet its burden to prove the

25  damages sought on the conversion claim.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18; *Castworld*

26  *Products, Inc*., 219 F.R.D. at 498.[4]

27

28  [4] Plaintiff's counsel has previously been informed by the Court of the need to submit proof of damages for a
conversion claim.  *See Joe Hands Promotions, Inc. v. Burleson*, Case No. 1:11-cv-00499-LJO-SKO, Docket No. 14

Accordingly, the Court RECOMMENDS that Plaintiff's request for conversion damages be DENIED.

**C.      Plaintiff Must Submit a Status Update Regarding Defendant Hauser**

Plaintiff's motion seeks default judgment only against the Defaulting Defendants of Rodriguez, Sosa, Thompson, and HTRS; however, it is unclear what the status of the case is against Defendant Hauser, who has appeared in this action.  Plaintiff should thus submit a status report concerning the current status of the case against Defendant Hauser.

## IV.   CONCLUSION AND RECOMMENDATION

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1.      Plaintiff's motion for default judgment be GRANTED;

2.      Judgment be entered in this action against Defaulting Defendants Arnold Vergara Rodriguez, Efren Almodovar Sosa, Jeffrey Ray Thompson, and HRTS, LLC as follows:

   a.      $1,000 statutory damages for violation of 47 U.S.C. § 605; and

   b.      $1,000 enhanced statutory damages for violation of 47 U.S.C. § 605;

3.      Plaintiff's request for damages for the tort of conversion be DENIED; and

4.      Plaintiff submits a status report regarding the status of the case against Defendant Timothy Clinton Hauser within twenty-eight (28) days of the final order from the district judge regarding this motion.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to

(order requiring the plaintiff, who was represented by the same counsel as Plaintiff in this action, to file proof of damages to support the claim for conversion).

11

28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   __**January 14, 2014**__               _____**/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

12